UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ERIC E. WILLIAMS,              )
                               )
    Petitioner,                )
                               )
v.                             )    CV417-052
                               )
JOSE MORALES, Warden,          )
                               )
    Respondent.                )

## REPORT AND RECOMMENDATION

Petitioner Eric Williams is incarcerated at Dooly State Prison in Dooly County, Georgia, serving a Georgia life sentence. *See* Georgia Department of Corrections Offender Query, http://www.dcor.state.ga.us/GDC/OffenderQuery. Invoking 28 U.S.C. § 2241, he seeks dismissal of a federal detainer lodged against him for a May 30, 1986 conviction from this Court. Doc. 1 at 2; *see United States v. Williams*, CR486-032 at doc. 44 (judgment for 5 years' imprisonment on four counts, to run consecutively for a total 20-year term), docs. 60 & 61 (mandate of Eleventh Circuit affirming judgment). More than 30 years have elapsed since entry of judgment in the federal case while he has been serving his state sentence. Apparently, he is up for parole on the state sentence, but

the Southern District's detainer has fouled up his parole aspirations. Doc. 1 at 3. But for the detainer, he claims, he would be eligible to be placed in a Transition Center. *Id.* He therefore moves this Court to rule that his federal sentence has (long since) been served concurrently with his state sentence and hold the detainer invalid. *Id.*

A. **BACKGROUND**

Williams was convicted by a jury on four counts -- two counts of assault with a dangerous weapon and two counts of carrying a firearm in the commission of a crime of violence, for the February 1986 assaults of NEH and SNC. *See* CR486-032, docs. 1 (indictment) & 34 (jury verdict); *see also* PSR at 2. At sentencing, charges against Williams were pending in Chatham County Superior Court for the December 1985 rape of NJK, and in Liberty County Superior Court for the February 1986 assault of VA. PSR at 5. Judgment was then entered in the federal case for five years on each count (to run consecutively *to each other* for a total sentence of 20 years) in May 1986.[1] *See* CR486-032, doc. 44; *see also id.*, docs. 60 & 61 (mandate of the Eleventh Circuit affirming judgment

---

[1] Petitioner was also sentenced to 10 years' incarceration, to be served concurrent to his federal sentence (CR486--032), for escaping custody. *See* CR486-061, docs. 1 (indictment), 16 (plea agreement) & 15 (judgment).

August 1987). Finally, petitioner was sentenced to life imprisonment by Chatham County Superior Court in February 1987 for the 1985 rape of NJK. *See* doc. 1 at 1.

Williams has not yet served any time in federal custody for his concurrent assault and escape convictions. He contends that his federal sentence already ran during the first 20 years of his state incarceration. Now that he is up for parole on his state convictions, he is dismayed to find that the federal sentence remains pending, with a detainer lodged against him to take him into federal custody once his state sentence runs out.

**B.   ANALYSIS**

At the time Williams was sentenced, it was presumed that "in the absence of dispositive language in a statute or sentencing order . . . sentences are to run concurrently," *unless* "one sentence is from a federal court and the other from a state court." *Causey v. Civiletti*, 621 F.2d 691, 693 n.2 (5th Cir. 1980);[2] *Larios v. Madigan*, 299 F.2d 98, 100 (9th Cir. 1962) ("While it may be better practice to frame the judgment

---

[2]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

in such a way as to eliminate any doubt in this regard, failure to do so does not raise a presumption of a concurrent sentence where the court is dealing with a federal sentence and a state sentence, as is here the case."); *see also United States v. Kanton*, 362 F.2d 178, 179 at 179-80 (7th Cir. 1966) ("Absent clear intent to have defendant's sentence run concurrently with any state sentence, the execution of his federal sentence did not begin to run until the United States Marshal assumed custody over him at his place of detention to await transportation to the federal penitentiary."); *Hayward v. Looney*, 246 F.2d 56, 58 (10th Cir. 1957) ("the Federal sentence does not begin to run until such time as the prisoner is returned to Federal custody and received at the Federal penal institution for service of his Federal sentence.").

Here, Williams was sentenced in May 1986 to 20 years' imprisonment by the federal court for the February 1986 assaults of NEH and SNC. Nearly a year later in February 1987, he was sentenced to life imprisonment by the state court for the December 1985 rape of NJK and February 1986 assault of VA. These are completely different crimes, punished by different sovereigns (*i.e.* the State of Georgia and the

4

United States) at different times.³ Nothing in the record indicates that either sovereign intended these sentences to be served *concurrently*, because concurrent sentences for completely different crimes would have been inappropriate. *See Causey*, 621 F.2d at 693 n.2.

Williams is now up for parole on his state sentence, 30 years in, but he has not yet served a single day of his 20-year federal sentence. This means that the moment the State of Georgia determines he should be released from its custody, he must start serving his federal sentence. Petitioner's challenge to the federal detainer therefore should be **DENIED**. 18 U.S.C. § 3582(a).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the

---

³   *See also Setser v. United States,* 566 U.S. 231, 241 (2012) ("In our American system of dual sovereignty, each sovereign -- whether the Federal Government or a State -- is responsible for "the administration of its own criminal justice system. If a prisoner like [Williams] starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government -- whether the district court or the Bureau of Prisons -- that decides whether he will receive credit for the time served in state custody. And if he serves his federal sentence first, the State will decide whether to give him credit against his state sentences without being bound by what the district court or the Bureau said on the matter.") (quotes and cites omitted; 18 U.S.C. §§ 3553(a) & 3582(c) (providing mechanism for reduction of imprisonment).

5

Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this  29th   day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA