# United States District Court
# for the Southern District of Georgia
# Savannah Division

ERIC E. WILLIAMS,           )
                            )
    Petitioner,          )
                            )
v.                          )     CV417-052
                            )
GLEN JOHNSON, Warden,[1]    )
                            )
    Respondent.          )

ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R) (dkt. no. 3), to which objections have been filed (dkt. no. 6). Nothing in petitioner Eric Williams' objections demonstrates that he is entitled to the relief he seeks (an order from this Court that his federal sentence for the rapes of NEH and SNC and state sentence for the rape of NJK and assault of VA were intended to be served concurrently).

Williams has not demonstrated his federal sentence was wrongfully imposed or enhanced. As set forth in the R&R,

> Here, Williams was sentenced in May 1986 to 20 years' imprisonment by the federal court for the February 1986 assaults of NEH and SNC. Nearly a year later in February 1987, he was sentenced to life imprisonment by the state court for the December 1985 rape of NJK and February 1986

---

[1] The Report and Recommendation erroneously named Jose Morales as warden of Dooly State Prison.

> assault of VA. These are completely different crimes, punished by different sovereigns (*i.e.* the State of Georgia and the United States) at different times. Nothing in the record indicates that either sovereign intended these sentences to be served concurrently, because concurrent sentences for completely different crimes would have been inappropriate. *See Causey* [*v. Civiletti*, 621 F.2d 691, 693 n.2 (5th Cir. 1980)].

Dkt. No. 3 at 4-5. Williams' federal sentence did not specify that any later imposed state sentence should be served concurrently to his 20-year federal sentence. *Id.* at 4 & n.3 (quoting *Setser v. United States*, 566 U.S. 231, 241 (2012)). Nor did his state sentence provide that it was to be served concurrently to his federal sentence. *Id.* at 4-5. Thus, now that his state sentence has ended, a detainer has been properly issued to take petitioner into custody to commence his *consecutive* federal sentence. Dkt. No. 3 at 3-5. A habeas motion cannot change this. *Id.*[2]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.[3]

---

[2] As explained in the R&R, there are other mechanisms available to Williams to seek a reduction of his sentence in light of the years already spent in state custody aside from habeas relief. *See, e.g.,* 18 U.S.C. §§ 3553(a) & 3582(c) (providing mechanism for reduction of imprisonment). He is free to pursue them.

[3] Williams' "Rule 35 motion" seeking to unwind his "illegal" federal sentence is **DENIED** as time barred, *see* Fed. Crim. P. R. 35(a) (requiring a motion to be filed "within 14 days" of sentencing -- not 30 years), and frivolous, *see id.* Rule 35(b) (providing mechanism for reduction of sentence for "substantial assistance" to the Government -- a condition absolutely not present here).

**SO ORDERED** this 30 day of June, 2017.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA